IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL MADOFF, Individually ) and as Administrator of the ) Estate of TYLER MADOFF, ) Deceased, ) ) Plaintiff, ) ) vs. ) ) BOLD EARTH TEEN ADVENTURES, ) AMERICA'S ADVENTURE, INC., ) ABBOTT WALLIS, ANDREW MORK, ) KELSEY TYLER, HAWAII PACK AND ) PADDLE LLC, BARRY MIMS, NOLAN ) KEOLA A. REED, and LETITIA ) MIMS, ) ) Defendants. ) _____ ) | CIVIL NO. 12-00470 SOM/RLP  ORDER DENYING DEFENDANTS' MOTION TO CERTIFY INTERLOCUTORY APPEAL AND STAY CASE |

**ORDER DENYING DEFENDANTS' MOTION TO CERTIFY INTERLOCUTORY APPEAL AND STAY CASE**

I.     **INTRODUCTION.**

Michael Madoff, Individually and as Administrator of the Estate of Tyler Madoff, seeks damages for the death of his son, Tyler Madoff. Tyler Madoff died while on a kayaking and hiking adventure tour operated by Defendant Bold Earth Teen Adventures, America's Adventure, Inc.

Bold Earth moved to dismiss, on the ground that a forum selection clause in a release form stated that "any suit or other proceeding must be filed or entered into only in Jefferson County, Colorado." On March 28, 2013, the court ruled that the

forum selection clause was unenforceable and that this matter could proceed in this court.

Bold Earth now seeks certification of an interlocutory appeal from the court's order to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b).  Specifically, Bold Earth seeks certification of the following issue on appeal:

> whether Plaintiff's argument that [he] may potentially have to present an unknown number of out-of-state witnesses at trial through video preservation depositions or by live video deprives him of his day in court as necessary to defeat a mandatory forum-selection provision.

See ECF No. 69-1 at PageID # 941.  The court declines to certify such an appeal.

**II.      FACTUAL BACKGROUND.**

The factual background was set forth in the court's order of March 28, 2013, and is incorporated herein by reference.

**III.     SUMMARY OF PRIOR ORDER.**

In relevant part, the court ruled that, drawing all reasonable inferences in favor of Madoff, enforcement of the forum selection clause would effectively deprive him of a meaningful day in court.  Madoff had identified forty-three Hawaii-based witnesses relevant to proving Defendants' liability, including Hawaii first responders, Hawaii search and rescue personnel, Hawaii government officials responsible for issuing permits, and other hiking and kayaking tour operators in Hawaii.

This court was concerned that enforcing the forum selection clause would leave Madoff without any assurance that he could present his liability case in an effective manner. Although some of Madoff's forty-three Hawaii-based witnesses might agree to travel to Colorado for trial, the court noted that Madoff would have no means of compelling their physical attendance at trial in Colorado if they changed their minds. Madoff could be relegated to presenting almost his entire liability case through depositions or by video. The court noted that deposition testimony is far less likely to engage a jury than live testimony, even if the deposition is videotaped. Moreover, depositions may be subject to a number of other disadvantages, including the number a party is allowed by court rules to take. The court noted that Madoff could be hampered by court restrictions on his ability to conduct discovery or to present testimony at trial. The court further noted that even an unlimited number of depositions would not cure the effect of having the only in-person liability witnesses be opposing parties' agents.

The court was also concerned that, under Rule 16(f)(3)(D) of the Colorado Rules of Civil Procedure, a party seeking to present deposition testimony "shall provide the other parties with its designations of such testimony at least 28 days before the trial date." This time allows for counterdesignations

by Defendants and court rulings on objections.  But it also means that, if Madoff's testimonial evidence on liability ends up consisting almost entirely of preserved depositions, Madoff will have disclosed not just his liability theories, but nearly his entire liability case verbatim a month before trial.

Although the defense would be able to tailor its case-in-chief based on Madoff's pretrial disclosure of his case, Madoff would not have the same opportunity.  Indeed, Madoff's ability to present rebuttal testimony at trial following testimony by Defendants' live witnesses would be hindered if he were relegated to using deposition testimony.

The court stated that, even "live" video conferencing of the forty-three possible Hawaii-based witnesses would not overcome the difficulties of presenting nearly an entire liability case without in-person witnesses.  The court ruled that the presentation of a case in which the only live witnesses were opposing parties would not only be difficult and expensive, but also prejudicial to the party trying to establish liability.

The court noted that this is not a situation in which only a few witnesses would be presented to the jury via deposition, video deposition, or live video.  The court ruled that, drawing all reasonable inferences in favor of the nonmoving party, including the risk of not having any in-person liability witness other than Defendants, Madoff would be deprived of a

meaningful day in court if forced to litigate in Jefferson County, Colorado. The court conceded that, if presented with a different record, the court might reach a different conclusion.

**IV.    STANDARD FOR INTERLOCUTORY APPEALS**.

The general rule is that an appellate court should not review a district court ruling until after entry of a final judgment. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 474 (1978). However, via the Interlocutory Appeals Act of 1958, 28 U.S.C. § 1958, Congress has establish a narrow class of nonfinal orders that may be immediately reviewed because of a need for prompt review. Id. Bold Earth seeks leave to file such an interlocutory appeal of the order denying its motion to dismiss.

> Under 28 U.S.C. § 1292(b):
>
> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

As the party seeking an interlocutory appeal, Bold Earth has the burden of demonstrating "exceptional circumstances" justifying a departure from the basic policy of postponing appellate review until a final judgment has issued. See Coopers & Lybrand, 437 U.S. at 475. Because § 1292(b) is a departure from the normal final judgment rule, the Ninth Circuit has stated that § 1292(b) should be construed "narrowly." See James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).

Before certifying an interlocutory appeal pursuant to § 1292(b), the district court must be of the opinion "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982).

"Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit." United States v. Woodbury, 263 F.2d 784, 787 (9th Cir. 1959). Accordingly, "controlling questions of law" include issues relating to jurisdiction or a statute of limitations, as issues determined differently on appeal would terminate a case. Id. However, an issue need not be dispositive of the lawsuit to be

6

considered controlling.  Id.  Instead, a "question of law" is controlling if a "resolution of the issue on appeal could materially affect the outcome of litigation in the district court."  In re Cement Antitrust Litigation, 673 F.2d at 1026.  The Ninth Circuit has noted that such issues include questions of "who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law shall be applied."  Woodbury, 263 F.2d at 787.

This court has noted that, to raise a "question of law" for purposes of § 1292(b), issues should relate to pure questions of law, rather than mixed questions of law and fact.  See Thompson v. Crane Co., 2012 WL 2359950 (D. Haw. June 19, 2012) (Kobayashi, J.).

> The Ninth Circuit has stated:
>
> [To] determine if a "substantial ground for difference of opinion" exists under § 1292(b), courts must examine to what extent the controlling law is unclear.  Courts traditionally will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted).  However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will

>  support an interlocutory appeal." <u>Id.</u>
>  (footnotes omitted).

<u>Crouch v. Telescope Inc.</u>, 611 F.3d 629, 633 (9th Cir. 2010).  Put another way,

>  A substantial ground for difference of
>  opinion exists where reasonable jurists might
>  disagree on an issue's resolution, not merely
>  where they have already disagreed.  Stated
>  another way, when novel legal issues are
>  presented, on which fair-minded jurists might
>  reach contradictory conclusions, a novel
>  issue may be certified for interlocutory
>  appeal without first awaiting development of
>  contradictory precedent.

<u>Reese v. BP Exploration (Alaska) Inc.</u>, 643 F.3d 681, 688 (9th Cir. 2011).

**V.    ANALYSIS.**

The court recognizes that reasonable jurists might apply the facts presented here to the well-established case law and reach a different conclusion about the enforceability of the forum selection clause at issue.  But precisely because the balancing of facts is what is at issue, as opposed to a claim that this court misapplied the law, the court declines to certify this matter as an interlocutory appeal.  In other words, this court does not view the enforceability of the forum selection clause at issue here as involving a controlling question of law.

Nor is there any claim that enforcement of the forum selection clause would end the dispute among the parties.  The court recognizes that, if an appellate court were to rule that

8

the forum selection clause were enforceable, the litigation in this court would end.  However, it is abundantly clear that, if this court were to enforce the forum selection clause, Madoff would refile this matter in Colorado state court.  Unlike issues of jurisdiction or statutes of limitation, the question of enforceability of the forum selection clause in this case could not be answered in a way that would end all litigation among the parties.  **B**ecause Bold Earth seeks an interlocutory appeal to challenge this court's application of law to facts that might change and lead to a different motion concerning the enforcement of the forum selection clause, and because certification of an interlocutory appeal would not further the end of the underlying dispute, the court declines to certify the issue for appeal.

In examining whether an interlocutory appeal would or would not advance the ultimate resolution of this dispute, see In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982), the court distinguishes the present case from Red Bull Associates v. Best Western International, Inc., 686 F. Supp. 447, 453 (S.D.N.Y. 1988).  In Red Bull, the district court certified an interlocutory appeal concerning its decision not to enforce a forum selection clause.  However, unlike here, Red Bull did not involve a contention that the court had incorrectly evaluated proper factors.  Instead, the defendant in Red Bull wanted to

9

argue on appeal that the court had incorrectly interpreted a Supreme Court case.  See id. at 453.

Although this matter involves a motion to dismiss Madoff's Complaint, rather than a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), case law interpreting that statute is helpful here.  While the forum selection clause at issue here states that the case must be brought in Colorado state court, not federal court, cases involving transfers of venue are analogous because there is no dispute that the litigation would proceed in Colorado state court if this court enforced the forum selection clause.  In other words, the enforcement of the forum selection clause in this case is akin to other cases seeking enforcement of forum selection clauses by transferring venue to another district.

Section 3855 of Federal Practice and Procedure states:

> The propriety of employing some form of interlocutory review seems quite clear if the issue goes to the power of the district court to make the order it did and only a question of law is presented.  But a very compelling argument can be made that if there is no question of power, and the only issue is whether the district judge exercised his or her discretion properly in considering the factors mentioned in the statute in granting or refusing the transfer, interlocutory review ought not to be available.  This is the view of the commentators, it is the view of the American Law Institute, and it has been the view of many distinguished appellate judges.

15 Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3855 (2007) (footnotes omitted).

Although the Fifth Circuit has determined that § 1292(b) review is available with respect to § 1404(a) motions to transfer, most other circuits have concluded otherwise. Compare Humble Oil & Ref. Co. v. Bell Marine Serv., Inc., 321 F.2d 53, 57 (5th Cir. 1963) (allowing interlocutory review of the denial of a § 1404(a) motion), with Olinick & Sons v. Dempster Bros., Ltd., 365 F.2d 439, 443 (2d Cir. 1966). Olinick stated:

> We agree with the Third and the Sixth Circuits that § 1292(b) is not available as a means to review the grant or denial of § 1404(a) motions for incorrect evaluation of proper factors. The correctness of such an evaluation can only with difficulty be described as a 'controlling question of law'; and review of such an evaluation is not likely to advance the termination of the litigation since, even if the evaluation were incorrect, no reviewing court would be likely after a trial on the merits to order a transfer or retransfer for a new trial on the merits.

Id.

Indeed, in All States Freight, Inc. v. Modarelli, 196 F.2d 1010, 1011 (3d Cir. 1952), the Third Circuit ruled that orders transferring or refusing to transfer a case pursuant to § 1404(a) are not immediately appealable. Modarelli noted,

> Every litigant against whom the transfer issue is decided naturally thinks the judge was wrong. It is likely that in some cases an appellate court would think so, too. But the risk of a party being injured either by

11

> the granting or refusal of a transfer order is, we think, much less than the certainty of harm through delay and additional expense if these orders are to be subjected to interlocutory review by mandamus.

Id. at 1012.

Although Modarelli made this statement in the context of discussing review of decisions to transfer by way of writs of mandamus, Modarelli's guidance is helpful here.  Because Bold Earth is not seeking review of a question of law, but is instead seeking a review of this court's application of law to facts that are subject to change, the risk of harm in this court's refusal to enforce the forum selection clause such that this case will proceed in this court rather than in Colorado state court is less than the certainty of harm that will result from the delay and expense that would result if interlocutory review of the court's order were allowed.  Although the Ninth Circuit might reverse this court after trial because it might determine that the case should have proceeded in Colorado, not all of the cost and effort spent litigating the matter would be wasted.  Certainly, the same discovery could be used in any Colorado case.  As Judge David Alan Ezra recognized in Aloha Airlines, Inc. v. Mesa Air Group, 2007 WL 1582707 (D. Haw. May 31, 2007), district courts will generally not permit interlocutory appeals when doing so would prolong litigation rather than advance its resolution.

As noted above, Bold Earth's proposed interlocutory appeal is not based on a contention that this court has applied the wrong law. Instead, the issue involves Bold Earth's disagreement with this court's determination that having to proceed in Colorado state court would essentially deprive Madoff of a meaningful day in court under the current circumstances. The parties and the court are applying the well-established Supreme Court precedent of M/S Bremen v. Apata Off-Shore Co., 407 U.S. 1 (1972). The issue Bold Earth seeks to raise on appeal involves the application of that case to the facts in issue here, not a controlling question of law for purposes of § 1292(b).

As noted in the underlying order denying the motion to dismiss based on the forum selection clauses, the court is willing to entertain another motion if the facts change. This demonstrates that the issue Bold Earth seeks to raise is not a controlling question of law, which should involve purely legal issues. See Thompson v. Crane Co., 2012 WL 2359950 (D. Haw. June 19, 2012) (Kobayashi, J.). Although Bold Earth is correct that the Ninth Circuit could assume certain facts to be true, that does not convert the issue Bold Earth seeks to raise on appeal into one of pure law. It is the court's recollection that Bold Earth argued that it was unlikely that Madoff would call all forty-three of the named Hawaii-based witnesses. It is precisely because of that recollection that the court stated that it would entertain another motion if the underlying facts changed. It is

also because of the potential for changes in trial witnesses that an interlocutory appeal is inappropriate.  If this court were to allow an interlocutory appeal and the Ninth Circuit were to affirm this court's order regarding the forum selection clause under the present circumstances, the court wonders whether Bold Earth would then seek to file another motion to enforce the forum selection clause if the facts changed such that only a handful of witnesses were going to be called by Madoff.  If that happened and the court again ruled that the forum selection clause was unenforceable, Bold Earth might seek yet another interlocutory appeal with another corresponding delay.  This is simply not a case ripe for appeal, especially because of the potential for several piecemeal appeals.

Bold Earth's reliance on Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491 (9th Cir. 1979), is misplaced. According to Bold Earth, Piedmont stands for the proposition that venue issues are appropriate for interlocutory appeal.  See Reply, ECF No. 84 at PageID #1050.  However, Piedmont did not involve any relevant factual dispute.  See Piedmont, 598 F.2d at 492 ("Sun Garden did not dispute any of the facts presented by Piedmont in support of its motion for summary judgment."). Instead, it involved the continued viability of the co-conspirator theory of venue in light of intervening Supreme Court precedent.  Because Piedmont involved a controlling question of

law, its venue ruling does not mean that venue is appropriate for interlocutory review in cases in which the application of law to possibly changing facts is involved.

Bold Earth's citation of <u>Hawaii ex re. Louie v. JP Morgan Chase & Co.</u>, 2013 WL 391024 (D. Haw. Jan. 29, 2013) (Kobayashi, J.), is similarly unpersuasive with respect to whether the application of law to facts subject to change should be considered a controlling question of law.  In that case, Judge Leslie E. Kobayashi certified an interlocutory appeal of a ruling challenged as a misapplication of the governing laws and regulations defining "interest."  Although <u>Louie</u> involved some factual issues, Judge Kobayashi determined that "legal issues are at the heart of Plaintiff's proposed interlocutory appeal."  Here, the very facts on which the court relies may change.

Bold Earth's citation of <u>Thompson v. Crane Co.</u>, 2012 W: 2359950 (D. Haw. June 19, 2012) (Kobayashi, J.), is unpersuasive for the same reason.  In <u>Thompson</u>, Judge Kobayashi certified an interlocutory appeal concerning the court's federal officer removal jurisdiction.  Although there were factual issues, Judge Kobayashi identified a controlling question of law, noting that "legal issues were at the heart of Plaintiff's interlocutory appeal."

15

**VI.     CONCLUSION.**

This court declines to certify for interlocutory appeal its order refusing to enforce a forum selection clause.  Under the factual circumstances presented, there is no controlling question of law the determination of which may materially advance the ultimate termination.  This case involves a factual situation that is subject to change.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 20, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Madoff v. Bold Earth Teen Adventures, et al., Civ. No. 12-00470 SOM/RLP; ORDER DENYING DEFENDANTS' MOTION TO CERTIFY INTERLOCUTORY APPEAL AND STAY CASE